*Law Offices Of*
**Roger E. Naghash**
Roger E. Naghash (SBN 181740)
Nicole B. Naghash (SBN 330434)
Newport Gateway Towers
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone:    (949) 955-1000
Facsimile:     (949) 852-9511

Attorneys for: Plaintiff, Pamela Buzzanco

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/19/2023 2:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| PAMELA BUZZANCO, AS TRUSTEE OF THE LARRY J. SCHONCITE LIVING TRUST, ESTABLISHED FEBRUARY 17, 1997<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL, a Bank of America Company, Also Doing Business As MERRILL LYNCH, BANK OF AMERICA. AND DOES 1 Through 100, Inclusive.<br><br>Defendants. | CASE NO.: 23STCV31081<br><br>VERIFIED COMPLAINT FOR:<br><br>1. **Breach of Fiduciary Duty and Constructive Fraud;**<br>2. **Conversion and Embezzlement;**<br>3. **Theft of By False Pretenses – Cal. Pen. Code § 496;**<br>4. **Declaratory and Injunctive Relief**<br><br>Assigned Judge:<br><br>Complaint Filed on |

Plaintiff, PAMELA BUZZANCO ("**Plaintiff**") alleges:

## GENERAL ALLEGATIONS

### JURISDICTION

1. Plaintiff PAMELA BUZZANCO, is a successor trustee of THE LARRY J. SCHONCITE LIVING TRUST, ESTABLISHED FEBRUARY 17, 1997, as amended. Decedent, Larry J. Schoncite passed away, in March of 2018, and Pamela Buzzanco, was dully appointed and succeeded as the trustee of The Larry J. Schoncite Living Trust, Established on February 17, 1997, (hereinafter referred to a "**Buzzanco**" or "**Plaintiff**.")

2. At all times mentioned herein, Plaintiff, Buzzanco, was and is the lawful trustee of the Larry J. Schoncite Living Trust Established on February 17, 1997.

3. Plaintiff, Buzzanco is currently and at all times relevant herein have been residents of the city of Long Beach, County of Los Angeles, State of California.

4. Plaintiff is informed, believes, and thereupon alleges that defendant, **MERRILL, a Bank of American Company, ALSO DOING BUSINESS AS MERRILL LYNCH**, ("Merrill") is and at all times relevant herein was an entity with unknown structure, and believed to be a National Association, authorized to provide financial and investment services to the general public, including but not limited to Plaintiff.

5. Plaintiff is informed, believes, and thereupon alleges that defendant **BANK OF AMERICA** ( "**BofA**" or "**Defendant**") is and at all times relevant herein was an entity with unknown structure, and believed to be a National Association, authorized to provide financial and investment services to the general public, including but not limited to Plaintiff.

6. Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, Defendant, Merrill was acting as agent, representative, manager, and/or employee of Defendant, BofA, and acting within the scope of its employment and on behalf of Defendant, BofA. Defendants, Merrill and BofA, are collectively referred to as ("**Merrill**" or "**Defendants**.")

7. Plaintiff does not know the true names and capacities whether corporate, partnership, associate, individual or otherwise of defendants sued herein as Does 1 through 100, Inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff is informed, believes, and, on that basis, allege that defendants Does 1 through 100, Inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this first amended complaint to set forth the true

names and capacities of said fictitiously named defendants together with appropriate charging allegations when ascertained.

8. Plaintiff is informed, believes, and, on that basis, alleges that at all times mentioned herein each defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to Plaintiff for the relief prayed for herein.

## ACTS OF DEFENDANTS

9. In March of 2018, Decedent, Larry J. Schoncite, passed away. Upon his passing, Plaintiff, Buzzanco, was duly appointed as the trustee of his trust that was established in 1997. Plaintiff, Buzzanco, accepted the appointment of trusteeship and was duly appointed as the trustee of the Larry J. Schoncite, Revocable Trust Established February 17, 1997, (hereinafter, "**The Trust**"). At all times, mentioned herein, Plaintiff, Buzzanco was and is the trustee of the Larry J. Schoncite, Revocable Trust Established February 17, 1997. Plaintiff, Buzzanco, was also appointed as the Executor of Estate of Larry J. Schoncite.

10. Prior to his demise, Decedent, established several bank and investment accounts with Defendants, Merrill. These accounts were active financial and investment accounts in possession and custody Defendants, Merrill for safekeeping, investments, and to increase their profit and earnings for the Trust. At all times, mentioned, herein Defendants were acting as investment advisors, manager and custodian the accounts, which included following accounts:

   a. Account Number 22D-18261
      Balance $8,057.98
   b. LARRY PRSN
      Account Number 22D-18262
      Balance $61,291.96, (hereinafter collectively referred to as "**Blocked Accounts**," or "**Trust Accounts**.")

11. On December 14, 2023, Plaintiff, Buzzanco, was informed by an attendant at the Defendants' branch that the pursuant to an order from a representative of Defendants, Molly M. White, the Trust Accounts have been blocked from Plaintiff, Buzzanco's access and Plaintiff, cannot access either one of these two (2) accounts.

12. The order of blocking these two accounts by Molly M. White is NOT based on any law, fact, court order, writ, or notice of Levey, or any other lawful order to block the Trust Accounts.

13. On December 18, 2023, Plaintiff, Buzzanco, demanded Molly M. White to reverse her order and unblock the Blocked Account, to no avail.

14. As of present, Defendants have blocked Plaintiff's access to the Blocked Accounts for NO lawful reason and refuse to unblock the Blocked Accounts.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty and Constructive Fraud)

### (Against All Defendants)

15. Plaintiff hereby incorporates by reference herein each and every allegation set forth in paragraphs 1 through 14 inclusive, as though fully set forth herein.

16. At all times herein mentioned, Defendants, and each of them, was investment banker, agent and representative of Plaintiff, and acting as and in fiduciary to Plaintiff, Buzzanco.

17. Defendants and each of them failed to exercise reasonable care and skill in undertaking to increase investment and allow Plaintiff, Buzzanco to access the investment earnings and profits as intended by investing the principal amounts in the Blocked Accounts for the benefit of the Trust. As a result, Defendants and each of them undertook and became responsible to provide services in fiduciary to Plaintiff, Buzzanco, even though they were NOT authorized to so act (i.e. blocking the trust accounts, secretly using the funds for their own benefits, etc.)

18. As fiduciaries, Defendants failed to perform their basic duties and responsibilities in preserving and protecting the assets and funds in the Blocked Accounts, transferred used and benefited from the money and other assets in the Blocked Account for their own use and benefits.

19. In their fiduciary capacities, Defendants failed to perform their basic duties and responsibilities in preserving and protecting the assets and funds for the benefit of the Trust and allow Plaintiff access to the Blocked Accounts at all times, instead Defendants and each of them fraudulently, and secretly, transferred block The Trust Accounts, and used their funds for their benefit, use and enjoyment.

20. Defendants and each of them, breached their duties owed to Plaintiff, Buzzanco, by failing to in preserving and protecting the assets and funds for the benefit of the Trust and allow Plaintiff access to the Blocked Accounts at all times, instead Defendants and each of them fraudulently, and secretly, transferred block The Trust Accounts, and used their funds for their benefit, use and enjoyment.

21. As a direct and proximate result of the negligence, carelessness, recklessness of the Defendants, and each of them, and the resulting negligence as aforesaid, Plaintiff, Buzzanco has to pay for future medical costs for exacerbating her medical condition, fees, costs, and expenses in discovering the secretly transferred assets, unable to pay the trust management costs, and expenses, recovering the secretly transferred assets. In addition, Plaintiff sustained economic damage all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

22. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was deprived of the benefit and opportunity to (1) use and enjoyment of the assets of the Blocked Accounts; (2) subject Plaintiff, Buzzanco to significant and unplanned tax liabilities; (3) loss of income; (4) loss of profits; (5) cost of discovering and recovering secretly transferred assets; (6) loss of present and future equities in Blocked Accounts, and others according to proof at trial.

23. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore is entitled to punitive and exemplary damages against Defendants in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants pursuant to California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

## SECOND CAUSE OF ACTION

### (Conversion and Embezzlement)

### (Against All Defendants)

24. Plaintiff hereby incorporates by reference herein each and every allegation set forth in paragraphs 1 through 23 inclusive, as though fully set forth herein.

25. From about November of 2023, until present, Defendants, and each of them concealed the true facts, about their elaborate scheme of stolen assets and money from Blocked Accounts fraudulently and secretly engaged in fraudulent and secrete transactions to receive title, money and assets from Blocked Accounts.

26. From about November of 2023, until present, Plaintiff, Buzzanco relied upon facts (lack of presence of truthful information), and Plaintiff, Buzzanco's reliance was justifiable as she was ignorant of the true facts as concealed by Defendants and each of them.

27. From about November of 2023, until present, Defendants knew the true facts, and Defendants, knew that Plaintiff would justifiably rely on their concealment of true facts.

28. In December of 2023, Plaintiff, Buzzanco discovered the true facts and the extent of which Defendants have been misleading her, stolen assets, properties and money from the Blocked Accounts.

29. Had Plaintiff, Buzzanco known the true facts, she would have prevented the transfer of titles, properties and money to Defendants.

30. Remedies at law are inadequate as the real property with regard to the Blocked Accounts, as they are unique and irreplaceable, which would require the issuance of a restraining order, preliminary and permanent injunctions to prevent the loss of unique and irreplaceable investment houses, which include but not limited to declaratory relief. Plaintiff, Buzzanco has yet to know the extent and actionability of the preliminary and permanent injunctions, and restraining order.

31. As the direct and approximate cause of Defendants' actions and omissions, Plaintiff has sustained damages in excess of $1,000,000 or according to proof at trial.

32. Plaintiff, Buzzanco has sustained additional damages in that she has to pay for future alternative housing, rental and/or unable to pay the trust's expenses, management fees, costs and taxes, medical expenses, and others. In addition, Plaintiff sustained economic damage all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

33. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was deprived of the benefit and opportunity to (1) use and enjoyment of the assets of the Blocked Accounts; (2) subject Plaintiff, Buzzanco to significant and unplanned tax liabilities; (3) loss of income; (4) loss of profits; (5) cost of discovering and recovering secretly transferred assets; (6) loss of present and future equities in Blocked Accounts, and others according to proof at trial.

34. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore is entitled to punitive and exemplary damages against Defendants in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants pursuant to California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

### THIRD CAUSE OF ACTION
### (Theft By False Pretenses – Violation Cal. Pen. Code § 496)
### (Against All Defendants)

35. Plaintiff hereby incorporates by reference herein each and every allegation set forth in paragraphs 1 through 34 inclusive, as though fully set forth herein.

36. Defendants and each of them obtained title and possession to Plaintiff, Buzzanco and all funds and investments in the Blocked Accounts, money, papers and other personal properties in the Blocked Accounts, by falsely representing to her and tricked her to believing that they were holding and/or accessing the properties on temporary basis for performing their job duties, wherein fact Defendants had converted and taking possession and title to personal properties, without any intentions of returning them to Plaintiff, Buzzanco.

37. From about November of 2023, until present, Defendants, and each of them concealed the true facts, about their elaborate scheme of stolen assets and money from Blocked Accounts fraudulently and secretly engaged in fraudulent and secrete transactions to receive title, money and assets from Blocked Accounts.

38. Defendants had NO legal right or interest in Plaintiff, Buzzanco's Blocked Accounts, money, papers and other personal properties. As a pretext of obtaining possessory, title, and ownership interest in the Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts they have manufactured pretextual false and fraudulent excuses individually and through their agents, obtain unlawful possession of Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts and prevented Plaintiff from exercising her ownership and possessory rights over Plaintiff, Buzzanco's household items, money, papers and other personal properties in the Blocked Accounts.

39. In reliance of these pretextual, false and fraudulent excuses, Defendants, have obtained possessory and ownership interests in the Plaintiff, Buzzanco's Blocked Accounts, money, papers and other personal properties in the Blocked Accounts.

40. Although, it was unknown to Plaintiff, Defendants had NO intent to pay for either Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts, their value of Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts, preventing Plaintiff use of Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts by means of fraud, unlawful excuses, extortion, and intimidations to force Plaintiff to abandon Plaintiff, Buzzanco's money, papers and other personal properties in the Blocked Accounts and their use or refused to allow Plaintiff to exercise her ownership rights over Plaintiff, Buzzanco's household items, money, papers and other personal properties in the Blocked Accounts based on false presences as defined by Cal. Pen. Code § 496(a).

41. From about 2011, through present Defendants, obtained ownership rights, title, and possessory interest in Plaintiff, Buzzanco's household items, real properties, money, papers and other personal properties in the Blocked Accounts that belong to Plaintiff, Buzzanco.

42. As a direct and proximate result of the foregoing conducts of Defendants, wrongful

conducts, breach of their duties, obligations and relationships owed to Plaintiff as a consequence of which, Plaintiff has suffered and will suffer in the future, general and special damages, the nature and extent of which will be proven at time of trial, but which are believed to be in excess of $2,000,000.00.

43. In addition to actual damages, Plaintiff is entitled to three times actual damages in compensation for Defendants' criminal acts. Cal. Pen. Code § 496(c).

44. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore is entitled to punitive and exemplary damages against Defendants in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants pursuant to California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

## FOURTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)
### (Against All Defendants)

45. Plaintiff hereby incorporates by reference herein each and every allegation set forth in paragraphs 1 through 44 inclusive, as though fully set forth herein.

46. Defendants and each of them, have blocked Plaintiff, Buzzanco's access to the Trust Accounts, without any lawful reasons, court order, writ, legal or factual basis. Defendants and each of them have been using Plaintiff's money and other personal properties in the Blocked Accounts for their own use and enjoyment.

47. As more fully set forth above, Defendants' unlawful actions and conducts, have causes and will continue to cause irreparable harm to Plaintiff and the trust investment in the Blocked Accounts. Damages at law are inadequate, as the investments in these Blocked Accounts are irreversible. Plaintiff seeks this honorable court to issue preliminary and permanent injunctions to prevent Defendants from engaging in the unlawful conducts against Plaintiffs and restore all

accesses to the Blocked Accounts, documents, and bank accounts. Plaintiffs also seek an order invalidating any and all unlawful accounts created, and seeking to recover unlawful moneys taken from Plaintiff. Plaintiff also, seek a Temporary and Permanent Restraining Order, restraining individual Defendants from entering and accessing the Blocked Accounts, and preventing individual defendants from ever having any contacts with Plaintiff.

48. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, committed under color of their pretextual and false pretense authorities as employees and while acting in that capacity, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of her rights under the laws, the Constitutions of the United States, and California.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

**Plaintiff's Injuries**

49. As a direct and legal consequence of the foregoing, Plaintiff, Buzzanco was injured in her health, property, strength and activity, sustaining injury to their body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff, Buzzanco great mental, physical and nervous pain and suffering. Plaintiff, Buzzanco is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff, Buzzanco. By reason of the foregoing, Plaintiff, Buzzanco has sustained general damages in a sum as set forth above.

50. As a further direct and legal result of the foregoing, and of the injuries caused thereby to Plaintiff, Buzzanco, as aforesaid, Plaintiff, Buzzanco was required to and did employ physicians, surgeons, hospitals, and various other health care practitioners to examine, care for and treat her, and did thereby necessarily incur medical and incidental expense. Plaintiff, Buzzanco is informed and believes, and thereon alleges, that she will continue to incur medical and incidental expense. Plaintiff, Buzzanco is informed and believes, and thereon alleges, that she will continue to incur such expenses for an indefinite period of time in the future. The exact amount of such medical and incidental expenses is unknown to Plaintiff, Buzzanco at this time. Plaintiff, Buzzanco will ask leave to amend this Complaint to set forth the exact amount thereof when the same has been

1  ascertained or upon proof thereof at a later date.

2  51.  As a further direct and legal result of the foregoing, and of the injuries caused thereby to Plaintiff, Buzzanco, as aforesaid, Plaintiff, Buzzanco has sustained injury and damage to their earnings and earning capacity, and Plaintiff, Buzzanco is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to their further damage in an amount presently unknown. Plaintiff, Buzzanco will pray leave to amend this Complaint to insert the amount of said damages when the same have been ascertained or upon proof thereof at a later date.

52.  Plaintiff, Buzzanco is informed and believes that Defendants knew of the foreseeable risk of harm of fraud against Plaintiff, Buzzanco from about November of 2023, until present.

53.  Defendants and each of them have stolen Plaintiff, Buzzanco's money, interest in Blocked Accounts, and others in an amount that is greater than $2,000,000.

54.  Despite this knowledge, Defendants failed to adequately supervise and secure the Plaintiff, Buzzanco's interest the unlawful activities of individuals who were acting within the scope of their employment, employed by the Defendants.

55.  Plaintiff has NOT been to sleep at nights constantly in fear of these falsehoods and fabrications manufactured by Defendants and each of them affirmed by their superiors, management and director of their employers.

56.  Defendants' actions in this regard were despicable, and done willfully and with a conscious disregard of Plaintiff, Buzzanco's rights, with the intent to cause injuries to Plaintiff, Buzzanco.

57.  Plaintiff, Buzzanco develop severe anxiety, high blood pressure, exacerbation of her cancer, and severe distress on daily.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

**PURSUANT TO THE FIRST, SECOND, THIRD, AND FOURTH, CAUSES OF ACTION:**

I. For actual damages sustained that is in excess of $1,000,000, or according to proof at trial;

II. For incidental, and consequential damages sustained that is believed to be not less than $2,000,000;

III. For injunctive relief as specified herein;

IV. For Emotional Distress;

V. For Loss of monthly income during retirement;

VI. For cost of alternative housing, rental, and/or repurchase of another real property;

VII. For past, present, and future medical care;

VIII. For any and all statutory damages;

IX. For statutory double and treble damages as provided by Cal. Civ. Code § 3346(a);

X. For statutory double and treble damages as provided by Cal. Prob. Code § 859;

XI. For statutory attorney's fees and legal expenses;

XII. For any and all statutory remedies pursuant to the violation of statutes as specified herein;

XIII. For general damages;

XIV. Preliminary and permanent injunctions;

XV. For loss of present and future equity in the Blocked Accounts;

XVI. For lost earnings and profits;

XVII. For Enhanced Remedies include attorney's fees and costs as provided by Cal. Welf. & Inst. Code, § 15657(a);

XVIII. For special damages;

XIX. For interest provided by law including, but not limited to, California Civil Code, Section 3291;

XX. For Loss of use of money and investment opportunities;

XXI. For punitive, exemplary, and treble damages;

Case 2:24-cv-00505-CBM-AGR   Document 1-1   Filed 01/19/24   Page 13 of 13   Page ID #:21

XXII. For Civil Penalties of three times actual damages as provided by Cal. Pen. Code § 496(c);

XXIII. For Attorney's fee as provided by Cal. Pen. Code § 496(c)

XXIV. For Disgorging any and all moneys, Defendants received from the sale or transfer of any real or personal properties;

XXV. For pre-judgment interest at the rate of ten percent per annum from November 1, 2023;

XXVI. For emotional distress according to proof at trial;

XXVII. For preliminary and permanent injunctions to prevent Defendants from taking any action as set forth above;

XXVIII. For Attorney's Fee and Expenses;

XXIX. For cost of suit incurred herein; and

XXX. For such further and other relief as the court deems just and appropriate.

**PURSUANT TO ALL CAUSES OF ACTION:**

XXXI. Plaintiff demands jury trial;

XXXII. For cost of suit incurred herein;

XXXIII. For such further and other relief as the court deems just and appropriate.

Respectfully Submitted.

LAW OFFICES OF ROGER E. NAGHASH

Dated this 18th day of December 2023        By: _____
Roger E. Naghash, Esq.
Attorney for Plaintiff,
**Pamela Buzzanco, Trustee**